HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

　　　　Plaintiff,

　　v.

UZUNOV TRUCKING, LLC,

　　　　Defendant.

CASE NO. C09-1229RAJ

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 9. For the reasons stated herein, the court DENIES the motion. Plaintiff must, no later than March 26, 2010, either file a renewed motion for default judgment in accordance with this order or demonstrate that it has begun discovery to prove its damage claims.

Before beginning, the court notes that this order is one of three that the court enters today on default judgment motions from Plaintiff. *See* Case Nos. C09-1603RAJ, C10-69RAJ. The same counsel represents Plaintiff in each case, and has represented and continues to represent Plaintiff in similar cases. There are several other attorneys and firms that specialize in the same sort of work: representing the trustees of union pension funds in ERISA actions to collect unpaid contributions from employers of union members. Although many of the court's comments today apply specifically to this

ORDER – 1

Plaintiff and its counsel, many of them also apply generally to any attorney representing a client in a similar case.

It is common for defendants in these cases to not appear, for the clerk to enter default, and for the court to resolve the case on a motion for a default judgment. Although counsel often seem to view the court's review of default judgment motions as little more than a ministerial act, that view is mistaken. The entry of default does not convert this court into a rubber stamp for whatever judgment a plaintiff proposes. Indeed, in some ways, a motion for default judgment places an additional burden on the court. In a typical motion, the court can rely on the opposing party to raise legal and factual disputes. In a motion for default judgment, the court must carefully scrutinize the requested judgment without the benefit of an adversary.

The law leaves no doubt that the court's role in considering a default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(C). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

In a case like this one, an attorney bringing a motion for default judgment must take care to describe the evidence supporting the damages he or she claims, and also to describe how he or she used that evidence to calculate damages. In most cases, it is not enough to provide some evidence, request a damage award, and leave it up to the court to

ORDER – 2

figure out how counsel derived the damage request from the evidence.  Yet in the court's experience, that is too often the practice in cases of this type.

Typically, counsel in ERISA cases like this one support a motion for default judgment by submitting remittance reports from employers.  These reports are a good start, but are usually not sufficient on their own to establish damages.  Counsel should explain how they use the reports to determine unpaid contributions.  It is not enough to provide the reports and have the court guess at which numbers were extracted.  Counsel's declaration should explain precisely how he or she used the reports to determine a damage award.  This is particularly so where the trust agreements in these cases typically provide for liquidated damages as to some, but not all, of the unpaid contributions, and also provide for interest to accrue as to some, but not all, of the employer's total delinquency.  In reviewing motions like these, the court frequently discovers that counsel has not properly applied the terms of the trust agreements to calculate damages.  The court suspects that if counsel made the effort to describe their damage methodology to the court, they would make fewer errors.

The above concerns apply generally to cases like this one; the motion before the court raises additional concerns.  In this case, Plaintiff does not have remittance reports for the entirety of the period for which it claims damages.  It has reports for April and May 2009 (and erroneously believes that it has submitted a report for June 2009), but admits that it has no reports for July, August, and September 2009.

There are at least two ways to prove damages where remittance reports are missing. One is to take discovery to obtain these reports or substitute evidence.  Plaintiff made a halfhearted attempt at doing so in this case, filing a motion for an "accounting" shortly after the clerk entered default.  The purpose of this motion, it appeared, was to permit Plaintiff to obtain information regarding how much Defendant had failed to contribute to the union funds.  The court denied that motion on November 4, 2009, noting that the neither the Federal Rules of Civil Procedure nor any other law of which the court

ORDER – 3

was aware provided for an "accounting."  The court noted, however, that Plaintiff could seek discovery to obtain the information it sought.  It even cited a case describing means for taking discovery from parties in default.  Nov. 4, 2009 Ord. (citing *Hawkins v. AMA Mgmt., Ltd.*, No. C06-847P, 2007 U.S. Dist. LEXIS 96490, at *4-5 (W.D. Wash. 2007)).  Counsel apparently decided not to seek discovery.

Instead, Plaintiff estimated damages for those months for which it lacked remittance reports.  There is nothing presumptively wrong with this approach.  So long as Plaintiff has a valid methodology for making estimates, and so long as counsel explained that methodology in the motion for default judgment, an estimate might well be sufficient to convince the court to award damages.  In this case, Plaintiff's estimate falls well short of the mark.  Counsel simply took the unpaid contributions for June 2009 (contributions for which it provided no evidence), and assumed that Defendant failed to make the same payments in July, August, and September 2009.  There may well be valid reasons for this estimate, but counsel nowhere explains them.  Is there reason to believe that Defendant's union employees worked the same number of hours in later months as it did in June?  Is there reason to use June's numbers as opposed to April's or May's?  These and many other questions are unanswered.

The court cannot enter the default judgment Plaintiff requested, because it cannot accept Plaintiff's damage estimates.  Plaintiff has two choices: it can file a new motion for default judgment that explains its damages methodology for both damages for which it has direct evidence and for damages for which it must estimate damages; or it can seek leave to conduct discovery.  It must make that decision no later than March 26, 2010, at which time it must either submit the renewed motion for default judgment or must submit a statement declaring not only that it will seek discovery to prove its damage claims, but that it has begun that process by serving discovery on Defendant or other sources.  If it takes neither option, the court will dismiss this action with prejudice for failure to prosecute.

ORDER – 4

Finally, the court must comment on a practice that this Plaintiff has used repeatedly in an attempt to give itself the opportunity to revisit its damage claims. It does so by including a paragraph in its proposed default judgment that purports to decide the res judicata effect of the judgment on hypothetical future attempts to collect additional unpaid contributions from Defendant. The court has previously cautioned Plaintiff, represented by the same counsel, that the paragraph it proposes is a request to have a purely advisory opinion enshrined in the judgment. *E.g.*, Case No. C08-1355RAJ, Dkt. # 11. As the court previously stated, it will not include this paragraph in its judgment, at least not without authority and argument from Plaintiff establishing the validity of such a provision. The court will strike any future motion from Plaintiff for a default judgment that includes this paragraph without authority for including it, and may impose sanctions.

The court hopes that this order will serve not merely as the court's ruling on the motion before it, but as a call to counsel and to counsel bringing similar cases to consider whether they might modify their practices. This order does not purport to be a treatise on best practices for default judgment motions, or to exhaustively list the issues that have arisen in past default judgment motions. (Such a list would include, at least, the lack of adequate evidentiary support for claims for attorney fees and costs, and the failure to extract proper interest rates from the trust agreements and apply them appropriately to damages.) The court also hastens to mention that it often receives motions for default judgment that raise few or none of these concerns. This order reflects the court's conviction that neither the court nor the parties themselves are well served by default judgment motions that must be rejected and redone. As the court has noted, it is typical for cases of this type to end in a default judgment. For that reason, counsel should be prepared even before filing such cases to either prove up a motion for default judgment or to obtain the evidence necessary to do so. If they do, it is likely that the process of obtaining a default judgment will be much more efficient for the court, for counsel, and for their clients.

ORDER – 5

1  For the reasons stated above, the court DENIES Plaintiff's motion for default
2  judgment (Dkt. # 9) and directs counsel to either submit a new motion for default
3  judgment or a declaration in accordance with this order no later than March 26, 2010.
4  DATED this 11th day of March, 2010.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

28  ORDER – 6